# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| BONNIE MOSLEY, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:20-CV-01012-JES-JEH<br>) |
| v. | ) Honorable James E. Shadid<br>) Magistrate Judge Jonathan E. Hawley |
| GENERAL REVENUE CORPORATION, | )<br>) |
| Defendant. | )<br>) |

## DEFENDANT GENERAL REVENUE CORPORATION'S MEMORANDUM
## IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN PART

**REED SMITH LLP**

*Attorneys for Defendant General Revenue Corporation*

Christopher R. Murphy
10 South Wacker Drive, 40th Floor
Chicago, Illinois 60606
Phone: (312) 207-6548
CRMurphy@reedsmith.com

Travis A. Sabalewski
901 East Byrd St.
Riverfront Plaza West Tower, Suite 1900
Richmond, Virginia 23219
Phone: (804 344-3442
tsabalewski@reedsmith.com

## **TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................. 1

ALLEGED FACTUAL BACKGROUND ............................................................................. 2

LEGAL STANDARD ............................................................................................................. 4

ARGUMENT .......................................................................................................................... 4

I.    Mosley Fails to State a Claim under the ATDA. .......................................................... 4

    A.    The ATDA Only Permits Claims Based on Calls Soliciting The Sale of Goods or Services. ............................................................................................ 5

    B.    Mosley Fails to Allege Facts to Support Actual Damages Under the ATDA. ................................................................................................................. 6

II.    Plaintiff's TCPA Claim Based on Use of an ATDS Without Consent Should Be Dismissed Because Plaintiff Does Not Allege that GRC Used an ATDS Under Controlling Case Law. ................................................................................................... 7

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACA Int'l v. Fed. Commc'ns Comm'n*,
  885 F.3d 687 (D.C. Cir. 2018) ............................................................................................ 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 4

*Dolemba v. Kelly Servs., Inc.*,
  No. 16 C 4971, 2017 WL 429572 (N.D. Ill. Jan. 31, 2017) ............................................ 5, 6

*Dominguez v. Yahoo, Inc.*,
  894 F.3d 116 (3rd Cir. 2018) ............................................................................................... 7

*Gadelhak v. AT&T Servs., Inc.*,
  No. 19-1738, 2020 WL 808270 (7th Cir. Feb. 19, 2020) ........................................... 7, 8, 9

*Glasser v. Hilton Grand Vacations Co., LLC*,
  948 F.3d 1301 (11th Cir. 2020) ................................................................................. 7, 8, 9

*H. C. Duke & Son, LLC v. Prism Mktg. Corp.*,
  No. 11-4006, 2011 U.S. Dist. LEXIS 126741 (C.D. Ill. Nov. 2, 2011) ............................. 2

*Marks v. Crunch San Diego, LLC*,
  904 F.3d 1041 (9th Cir. 2018) ............................................................................................ 7

*Michel v. Credit Prot. Ass'n L.P.*,
  No. 14-CV-8452, 2017 WL 3620809 (N.D. Ill. Aug. 23, 2017) ........................................ 3

*Oil Express Nat'l v. D'Alessandro*,
  173 F.R.D. 219 (N.D. Ill. 1997) .......................................................................................... 2

*Schwartz-Earp v. Advanced Call Ctr. Techs., LLC*,
  No. 15-CV-01582-MEJ, 2016 WL 899149 (N.D. Cal. Mar. 9, 2016) ................................ 3

*Thrasher-Lyon v. Ill. Farmers Ins. Co.*,
  861 F. Supp. 2d 898 (N.D. Ill. 2012) ........................................................................... 5, 6, 7

**Statutes**

815 ILCS 305 *et seq.* ............................................................................................................. 1

815 ILCS 305/5 ..................................................................................................................... 5

815 ILCS 305/30(b) .............................................................................................................. 5

815 ILCS 305/30(c)-(c-5) ..................................................................................................... 6

47 U.S.C. § 227(a)(1) ........................................................................................................... 7

47 U.S.C. § 227, *et seq.* ...................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 1, 4

Defendant General Revenue Corporation ("GRC"), by and through its counsel, respectfully moves this Court to dismiss the Complaint of Plaintiff Bonnie Mosley ("Mosley") pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this Motion, GRC states as follows:

## INTRODUCTION

Mosley asserts claims on her own behalf and on behalf of a putative class under two statutes: the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305 *et seq.,* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*  Based on the plain language of these statutes and well-established case law interpreting them, the Court should dismiss Mosley's ATDA claim entirely and dismiss her TCPA claim in part.

Mosley alleges that GRC is a debt collector and that it placed calls to her for that purpose utilizing a predictive dialer.  She does not allege that GRC placed any calls to her to solicit the sale of goods or services, as is required for her to assert an ATDA claim.  Additionally, she does not allege actual non-trivial damages from the calls, which is a separate pleading deficiency, requiring dismissal of the claim.

Mosley bases her TCPA claim on alleged violations of two separate prohibitions in that statute.  Importantly for the present motion, Mosley contends that GRC is liable for violating the prohibition against calls to cellular telephones using an automatic telephone dialing system ("ATDS") without consent.[1]  Dismissal of this portion of Mosley's TCPA claim is proper based on recent developments in the case law interpreting how the TCPA defines an ATDS.  Since Mosley filed her Complaint, two United States Courts of Appeals – those for the Eleventh Circuit

---

[1] Mosley also seeks relief under the TCPA based on alleged violation of the separate prohibition against calls using a prerecorded or automated voice message without consent.  GRC denies that it violated that prohibition, but it does not by this motion seek dismissal of Mosley's claim on that basis.

- 1 -

and (more significantly) the Seventh Circuit – joined the Third Circuit's narrow interpretation of the statutory definition of an ATDS. Even Mosley's counsel, while continuing to challenge it, has acknowledged that this narrow interpretation of ATDS precludes TCPA liability for voice calls to cellular telephone numbers dialed from a list.

Applying this controlling interpretation of ATDS to the allegations in the Complaint mandates dismissal of Mosley's claim that GRC violated the TCPA's prohibition against ATDS calls to cellular telephone numbers without consent. Mosely's allegations in support of the supposed violation of this prohibition are that GRC placed predictively dialed calls to her cellular telephone dialed from a list. In particular, she alleges that GRC is a debt collector, which would have no need for a system that could call random or sequentially generated numbers, as that is not an efficient way for a debt collector or creditor to reach specific debtors about specific debts.

For these reasons, as more fully explained below, the Court should dismiss the ATDA claim entirely and dismiss the TCPA claim to the extent it is based on an alleged violation of the prohibition against calls to cellular telephones using an ATDS without consent.[2]

## ALLEGED FACTUAL BACKGROUND

In or around October 2018, GRC or "one of its vendors" began placing telephone calls to Mosley's cellular telephone number in an attempt to collect a debt. (*See* D.E. #1 ("Compl."), ¶¶ 2, 22, 23, 30). When Mosley did not answer the calls, GRC left a voice message. (*Id.* ¶ 25.) Sometimes, the voice message consisted of dead air, which Mosley claims is "indicia" that the

---

[2] Filing a motion under Rule 12 "has the effect of delaying the time within which a party must file an answer to the complaint." *H. C. Duke & Son, LLC v. Prism Mktg. Corp.*, No. 11-4006, 2011 U.S. Dist. LEXIS 126741, at *2-3 (C.D. Ill. Nov. 2, 2011) attached hereto as Exhibit A; *Oil Express Nat'l v. D'Alessandro*, 173 F.R.D. 219, 221 (N.D. Ill. 1997) ("a partial motion to dismiss allows for altering the limits of Fed. R. Civ. P. 12(a) with respect to answering those claims not addressed in Defendants' motion")

calls were made using an automated or predictive dialing system. (*Id.*) Elsewhere, Mosley alleges that the calls were made using an ATDS. (*Id.* ¶ 47.) Mosley twice in the Complaint equates using a predictive dialer to making telephone calls through an ATDS. (*Id.* ¶ 13 and fn. 1, ¶ 25.)

Mosley alleges that on other occasions GRC left voice messages requesting Mosley to contact GRC to prevent legal action relating to an alleged debt. (Compl. ¶¶ 23, 26.) Because the voice messages sometimes started "mid-message," Mosley contends that those messages were left using a pre-recorded voice. (*Id.* ¶ 26.)

Mosley further alleges that GRC made the calls for debt collection purposes and that GRC is a debt collection agency, not an originating creditor. (*Id.* ¶ 5.) She contends that she never had a business or contractual relationship with GRC, and that she has never owed any money to GRC, but she does not allege whether as a debt collector GRC called her concerning a debt that she owed to another for whom GRC sought collection. (*Id.* ¶¶ 5, 23-24, generally.) Likewise, Mosley denies that she gave GRC consent to call her cellular phone, but is silent on whether she may have given such consent to the creditor on whose behalf GRC may have been calling.[3] (*Id.* ¶ 27, generally). Beginning in December 2018, Mosley alleges that she requested that GRC stop calling her, but she alleges that the calls from GRC continued through February 2019. (*Id.* ¶¶ 28-29.)

On January 8, 2020, Mosley filed her Complaint against GRC on behalf of herself and certain putative classes, asserting claims under the TCPA and ATDA.

---

[3] Under the TCPA, consent given to a creditor passes to debt collectors and subsequent purchasers of the debt. *See, e.g., Michel v. Credit Prot. Ass'n L.P.*, No. 14-CV-8452, 2017 WL 3620809, at *4 (N.D. Ill. Aug. 23, 2017); *Schwartz-Earp v. Advanced Call Ctr. Techs., LLC*, No. 15-CV-01582-MEJ, 2016 WL 899149, at *7 (N.D. Cal. Mar. 9, 2016)

- 3 -

## LEGAL STANDARD

A complaint must provide "'a short and plain statement of the claim showing that [the plaintiff is] entitled to relief' . . . to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted). Although a court must accept the factual allegations in the pleadings as true, to state a valid claim of relief, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." (*Id*. at 570.) A claim has facial plausibility when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint, however, will not suffice "if it tenders naked assertions devoid of further factual enhancement." (*Id*.) (quotations and citations omitted). The court is not required to accept legal conclusions in the complaint. (*Id*. at 663-64.)

To survive a motion to dismiss under Rule 12(b)(6), the complaint must offer more than "labels and conclusions," and a mere "formulaic recitation of the elements of a cause of action" will not do. (*Id*. at 678 (citing *Twombly*, 550 U.S. at 555.)) For this reason, a court ruling on a motion to dismiss need not accept as true the "legal conclusions" set forth in a complaint. *Id*. at 663-64.

## ARGUMENT

### I. Mosley Fails to State a Claim under the ATDA.

The ATDA only permits claims based on phone calls made using an autodialer and recorded message *to solicit the sale of goods or services*. It is not applicable to phone calls seeking to collect debts. The ATDA also requires that a plaintiff allege facts to support actual damages, which Mosley fails to do here.

> A. **The ATDA Only Permits Claims Based on Calls Soliciting The Sale of Goods or Services.**

The plain language of the ATDA supports dismissal of Mosley's claim based on the factual allegations in the Complaint. Mosley seeks relief under 815 ILCS 305/30(b), which prohibits, "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b). The act defines "autodialer" and "recorded message" as:

> (a) "Autodialer" or "Autodialer System" means any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers **in order to automatically connect a telephone with a recorded message**, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system.
> . . .
> (c) "Recorded Message" means any taped communication **soliciting the sale of goods or services** without live voice interaction.

815 ILCS 305/5 (emphasis added); Compl. ¶¶ 67-68. The United States District Court for the Northern District of Illinois in *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 906 (N.D. Ill. 2012) considered these very provisions of the ATDA (referred to by that court as the ITA). The telephone calls on which plaintiff based her ATDA claim were made on behalf of an automobile insurance company and its collection firm, seeking to collect monies that the insurer had paid to its insured for damages suffered in an automobile accident. *Thrasher-Lyon*, 861 F. Supp. 2d at 903. Critically, the plaintiff did not allege that the calls solicited the sale of any goods or services nor did the plaintiff provide any details of the contents of any messages that she received. *Id.* at 906. On this basis and others, the court dismissed the claim.

The plaintiff in *Dolemba v. Kelly Servs., Inc.*, No. 16 C 4971, 2017 WL 429572, at *5 (N.D. Ill. Jan. 31, 2017) attempted to state a claim for violation of the Illinois Consumer Fraud Act ("ICFA") based on an allegedly knowing violation of the ATDA (again, referred to therein as the ITA). The court dismissed plaintiff's ICFA claim, finding that plaintiff had not alleged any

- 5 -

violation of the ATDA. Specifically, the court held that a recorded message that alerted the plaintiff to a job opportunity was not a recorded message that *solicited the sale of goods or services*. *Dolemba*, 2017 WL 429572, at *5.

The statute sets forth clearly that it applies *only* to communications soliciting the sale of goods or services. Here, Mosley alleges that GRC made debt collection calls to her. (Compl. ¶¶ 2, 23, 30.) Nowhere does Mosley allege that any of the calls from GRC solicited the sale of goods of services, much less that she received recorded messages that solicited the sale of goods or services. Accordingly, her ATDA claim should be dismissed with prejudice.

> **B.     Mosley Fails to Allege Facts to Support Actual Damages Under the ATDA.**

Actual damages are a required element of the ATDA and "a plaintiff must state sufficient facts alleging that she has suffered an injury or damages." *Thrasher-Lyon*, 861 F. Supp. 2d at 906. The damages available under the ATDA are provided under 815 ILCS 305/30(c)-(c-5):

> (c) Enforcement by customer. Any customer injured by a violation of this Act may bring an action for the recovery of damages. Judgment may be entered for 3 times the amount at which the actual damages are assessed, plus costs and reasonable attorney fees.
>
> (c-5) In addition to the damages authorized under subsection (c), a consumer may obtain statutory damages in the amount of $500 per violation.

815 ILCS 305/30(c)-(c-5). Mosley's allegations that she suffered actual damages are conclusory. She fails to provide any factual detail that she suffered any non-trivial damages by GRC's alleged violations of the ATDA. She vaguely alleges GRC violated her privacy, that the calls were harassing and a nuisance, and that the calls wasted her cell phone battery. (Compl. ¶ 30.) Nowhere does she provide any detail on alleged actual damages from the phone calls. Rather, she simply concludes that she was "harmed" and is therefore "entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees" pursuant to 815

ILCS 305/30(c)-(c-5).  (*Id.* ¶ 72.)  Like the plaintiff in *Thrasher-Lyon*, Mosley's failure to "detail the precise injury she suffered or how she was damaged or injured" is an additional proper basis for dismissal of her ATDA claim.  *Thrasher-Lyon*, 861 F. Supp. 2d at 906.

II.  **Plaintiff's TCPA Claim Based on Use of an ATDS Without Consent Should Be Dismissed Because Plaintiff Does Not Allege that GRC Used an ATDS Under Controlling Case Law.**

The TCPA defines ATDS, as follows:

(1)The term "automatic telephone dialing system" means equipment which has the capacity—

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

47 U.S.C. § 227(a)(1).  The United States Court of Appeals for the Seventh Circuit recently handed down a decision in *Gadelhak v. AT&T Servs., Inc.*, No. 19-1738, 2020 WL 808270 (7th Cir. Feb. 19, 2020), defining the term ATDS under the TCPA.  The court considered four interpretations, agreeing with the narrow interpretation adopted by the United States Court of Appeals for the Third Circuit in *Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3rd Cir. 2018) and more recently by the Eleventh Circuit in *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. 2020).  Under this interpretation, to constitute an ATDS a system must have the capacity to either store numbers using a random or sequential number generator or produce numbers using a random or sequential number generator.  The Seventh Circuit rejected the interpretation adopted by the Ninth Circuit in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018), wherein the Ninth Circuit concluded that any system that can, "store telephone numbers to be called and … dial those numbers qualifies as an [ATDS]." *Gadelhak*, 2020 WL 808270 at *5; *Marks*, 904 F.3d at 1050-51.

In adopting the narrower definition of an ATDS, the Seventh Circuit stated, "under our reading … the capacity to generate random or sequential numbers is necessary to the statutory definition." *Gadelhak*, 2020 WL 808270 at *5. The court found that the AT&T system at issue in *Gadelhak*, "neither stores nor produces numbers using a random or sequential number generator; instead, it exclusively dials numbers stored in a customer database." *Id*. at *1.

Like the Seventh Circuit in *Gadelhak*, the Eleventh Circuit in *Glasser* made clear that systems that call from customer databases and lists, as opposed to calling randomly or sequentially generated numbers are not covered under the TCPA. The Eleventh Circuit explained that its interpretation is consistent with the early interpretations of the statutory definition of ATDS:

> Contemporaneous understanding supports this interpretation as well. Everyone seemed to accept this interpretation for the first dozen years of the statute's existence. The Federal Communications Commission, the agency that administers the Act, shared this view after the Act's passage. In a 1992 declaratory order, the Commission explained that certain technologies would not qualify as auto-dialers under the Act because the numbers these devices called "are not generated in a random or sequential fashion"—a baseline for all covered calls. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8776 (1992)*. The agency did not alter its view in 1995, saying that it did not cover calls "directed to . . . specifically programmed contact numbers," only to those "randomly or sequentially generated telephone numbers." *In re TCPA Rules & Regulations, 10 FCC Rcd. 12391, 12400 (1995)*. The "random or sequential" requirement, thought the Commission, modified produce and store. The law did not cover devices that merely stored numbers and called them later. From 1991 to 2003, this perspective prevailed. The plaintiffs have not identified any court from that era that took the view that the law covered devices that merely stored numbers and called them later.

*Glasser*, 948 F.3d at 1308. Thus, like the Seventh Circuit, the Eleventh Circuit confirmed that the definition of ATDS excludes systems that merely store numbers to be dialed from a list. (*Id*. at 1309-1310.) Indeed, counsel for *Mosley*, who represented Glasser in the Eleventh Circuit, is on

record stating that under *Glasser* the TCPA does not regulate users of telephony systems that merely call numbers from a list:

> If the [*Glasser*] ruling stands, autodialers in the Eleventh Circuit will have free reign to send spam text messages and place autodialed calls to the cellular telephone numbers of anyone they want, and as frequently as they want, without any fear of regulation of [sic] under the TCPA's automated call provisions; **they need only dial those numbers from a list.**

*See Glasser*, Appellant's Pet. for Reh'g at 4, Feb. 20, 2020 (En Banc), attached hereto as Exhibit B (emphasis added).

Here, Mosley alleges that GRC used a predictive dialer to call her. (Compl. ¶ 13 and fn. 1, ¶ 25.) Nowhere does Mosley allege that GRC's dialing system produces numbers using a random or sequential number generator. Nor could she. A predictive dialer (or a telephony system operating in predictive mode) is a telephony system that places calls to telephone numbers from a list, not a system that has the capacity to randomly or sequentially generate telephone numbers. *See ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 694 (D.C. Cir. 2018) (noting that a predictive dialer is "equipment that can dial automatically from a given list of telephone numbers using algorithms to predict when a sales agent will be available.") (internal quotation omitted).

Consequently, Mosley fails to state a claim under the TCPA based on calls made to her using an ATDS. *See Gadelhak v. AT&T Servs., Inc.*, No. 19-1738, 2020 WL 808270, at *8 ("the capacity to generate random or sequential numbers is necessary to the statutory definition [of an ATDS]"). It is not plausible to conclude that a company seeking to collect debts (as Mosley alleges GRC to be) would use a system that randomly and sequentially generates phone numbers. Logically, companies engaged in debt collection call specific individuals, at specific numbers, about specific debts, not random individuals at random numbers. *See Glasser,* 948 F.3d at 1309 (acknowledging that predictive dialers call from a list of consumers who showed an interest in a

product or owed a debt). The Court should therefore dismiss, in part, Mosley's TCPA claim on the basis that GRC used an ATDS to call her.

## CONCLUSION

For the reasons stated herein, GRC respectfully requests that this Court dismiss Mosley's ATDA claim with prejudice, and dismiss Mosley's TCPA claim to the extent it is based on an alleged violation of the prohibition against calls to cellular telephones using an ATDS without consent.

Dated: March 9, 2020

Respectfully submitted,

**REED SMITH LLP**
*Attorneys for Defendant General Revenue Corporation*

 /s/ *Christopher R. Murphy*
Christopher R. Murphy
10 South Wacker Drive, 40th Floor
Chicago, Illinois  60606
Phone: (312) 207-6548
CRMurphy@reedsmith.com

Travis A. Sabalewski
901 East Byrd St.
Riverfront Plaza West Tower, Suite 1900
Richmond, Virginia 23219
Phone: (804) 344-3442
tsabalewski@reedsmith.com

## CERTIFICATE OF SERVICE

    I hereby certify that on March 9, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Christopher R. Murphy
Christopher R. Murphy
10 South Wacker Drive, 40th Floor
Chicago, Illinois  60606
Phone: (312) 207-6548
CRMurphy@reedsmith.com