THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BONNIE MOSLEY, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 1:20-CV-01012-JES-JEH ) |
| v. | ) Honorable James E. Shadid ) Magistrate Judge Jonathan E. Hawley |
| GENERAL REVENUE CORPORATION, | ) ) |
| Defendant. | ) ) |

**DEFENDANT GENERAL REVENUE CORPORATION'S
<u>MOTION TO STAY DISCOVERY</u>**

Defendant General Revenue Corporation ("GRC"), by and through its counsel, respectfully moves this Court to stay discovery pending the outcome of GRC's Motion to Dismiss (ECF No. 10) and the Memorandum in Support thereof (ECF No. 11) (collectively, the "Motion to Dismiss") the putative class action Complaint filed by Plaintiff Bonnie Mosley ("Mosley"). In support of this Motion, GRC states as follows:

**INTRODUCTION**

GRC requests a brief stay of discovery until the Court decides the pending Motion to Dismiss. GRC moved to dismiss Mosley's claim under the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305 *et seq.,* and one of two parts of her claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* In response, Mosley did not oppose dismissal of her ATDA claim but did oppose dismissal of her TCPA claim. GRC requests that the Court not require the parties to expend resources responding to discovery, which would assuredly include Plaintiff seeking class wide discovery on all data concerning telephony system(s) used to place calls to Mosley's phone number ending in 9013 and on the capacity of the telephony

system(s) used to place such calls. The need for such discovery and probably other discovery that Mosley would intend to serve will be mooted if the Court grants GRC's pending Motion to Dismiss. The outcome of that motion will substantially impact the scope of discovery in this case.

Allowing discovery to move forward while GRC's Motion to Dismiss is pending would be inefficient. GRC should not have to bear the burden of Mosley's pleading failures by engaging in broad, irrelevant, and expensive discovery, including class discovery. A stay of discovery also will not prejudice Mosley because if GRC's Motion is denied, Mosley will be entitled to seek discovery at that time. Mosley cannot claim prejudice from delay where legal holds have been put in place by GRC to preserve potentially relevant documents and information relating to this case.

Given these considerations, and as more fully set forth below, the Court should exercise its discretion under Fed. R. Civ. Pr. 26(c) to stay discovery pending the outcome of GRC's Motion to Dismiss.

## BACKGROUND

Mosley asserts two claims and a total of six proposed class definitions on behalf of a putative class under two separate statutes: the ATDA and TCPA. (ECF No. 1.) Both claims, according to her counsel, concern alleged calls to a phone number ending in 9013. GRC filed its Motion to Dismiss on March 9, 2020 seeking to dismiss the ATDA claim in its entirety and the TCPA claim in part. Mosley does not oppose dismissal of the ATDA claim, but only opposes the dismissal of the TCPA claim. (ECF No. 12). A scheduling conference has not yet been set by the Court, and the parties have not yet conducted a Fed. R. Civ. P. 26(f) conference.

On March 31, 2020, in an attempt to force GRC to participate in a Rule 26(f) conference, Mosley filed a motion to request a hearing with Magistrate Judge Hawley. (ECF No. 13.) A

hearing was set, and GRC's position at the conference was that discovery should be stayed pending the outcome of the Motion to Dismiss. The Court allowed GRC to file this motion. (ECF No. 14.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), the Court has the discretion to issue an order regarding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (noting the substantial cost of discovery, the Supreme Court reasoned that, "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases before reaching those proceedings"). On this basis, district courts have broad discretion in controlling matters involving discovery. *See Crawford-El v. Britton*, 523 U.S. 574, 599 (1998); *Landis v. N. Am. Co.,* 299 U.S. 248, 254-255 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

A stay of discovery is particularly appropriate where the result of a pending dispositive motion would cause future discovery to become unnecessary or "at the very least, any future discovery that may be necessary . . . can be done more efficiently." *Mid-Century Ins. Co. v. Pizza By Marchelloni*, No. 117-CV-01214-JBM-JEH, 2018 WL 6267828, at *2 (C.D. Ill. Mar. 21, 2018) (Hawley, J.) (granting motion to stay discovery while Rule 12(c) motion was pending); *United States v. Supervalu, Inc.*, No. 11-CV-3290, 2016 WL 3906570, at *2 (C.D. Ill. July 14, 2016) (granting motion to stay discovery where "the resolution of the Motion to Dismiss [would] clarify the scope of discovery" and finding "clarification of the issues should enable the parties to resolve discovery disputes more easily without resorting to the Court."); *Gekas v. Vasiliades*, No. 10-3066, 2012 WL 5948679, at *1 (C.D. Ill. Nov. 28, 2012) (staying discovery and finding that the

resolution of pending dispositive motion would "clarify the issues for the parties and thereby allow the parties to conduct any future discovery more efficiently and with less cost."); *Rehrig Pac. Co. v. Polymer Logistics (Israel), Ltd.*, No. CV 318-055, 2018 WL 8244007, at *1 (S.D. Ga. Dec. 6, 2018) (granting motion to stay discovery pending the outcome of partial motions to dismiss and reasoning that "if Defendants prevail on their motions, the extent and scope of discovery will likely be narrowed" by dismissal of those portions of the claims).

## ARGUMENT

The Court should exercise its discretion granted in Rule 26(c) to stay discovery pending resolution of GRC's Motion to Dismiss. In deciding whether to exercise this discretion, courts consider the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Netherlands Ins. Co. v. Macomb Cmty. Unit Sch. Dist. No. 185*, No. 18-4191, 2019 WL 5417143, at *1 (C.D. Ill. Feb. 5, 2019) (quoting *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, *2 (N.D. Ind. 2012)).

**I.  A Short Stay of Discovery is Appropriate and Will Not Prejudice or Tactically Disadvantage Mosley.**

A short stay of discovery until the Court rules on GRC's Motion to Dismiss will not prejudice Mosley because she will be entitled to conduct discovery in the event that GRC's Motion to Dismiss is denied. No scheduling order has been entered in this case, so there is no discovery deadline at this time. There also is no meaningful risk that evidence will be lost because a preservation hold is in place. The relevant call data is being preserved. Mosley's counsel has

advised of concerns with preservation of certain documents. Counsel for GRC investigated those issues and provided more information on the categories at issue to Mosley's counsel. GRC's counsel remains willing to meet and confer further on these issues.

At the same time, Mosley cannot show any hardship from a stay of discovery while GRC's Motion to Dismiss is pending. *See, e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *3 (N.D. Ill. Oct. 28, 2008) (holding that hardship to the plaintiff is present only when there is a "compelling need for prompt discovery—as there might be if, for example, provisional relief were being sought or if testimony needed to be preserved due to the ill health of a witness"). Mosley is not seeking provisional relief. (*See* ECF No. 1.) The delay sought will not impact the availability of evidence, in particular because GRC instituted a litigation hold with respect to this lawsuit. *See Miller v. Countrywide Home Loans*, No. 2:09-cv-0674, 2010 WL 2246310, at *3 (S.D. Ohio June 4, 2010) (granting motion to stay where "the documents at issue [were] being preserved" and discovery had "the potential to place a discovery burden on the defendants").

Any burden associated with a brief stay of discovery while the Court considers GRC's Motion to Dismiss is entirely self-inflicted, as Mosley filed a deficient complaint against GRC.

II.  **A Stay of Discovery Pending the Outcome of GRC's Motion to Dismiss Will Simplify the Issues and Reduce the Burden of Litigation on the Parties and the Court.**

GRC's Motion to Dismiss seeks dismissal of Mosley's ATDA claim in its entirety[1] and Mosley's TCPA claim to the extent it is based on an alleged violation of the prohibition against calls to cellular telephones using an automatic telephone dialing system "ATDS" without consent. Recently the United States Court of Appeals for the Seventh Circuit joined the Third and Eleventh

---

[1] In her Response to GRC's Motion to Dismiss, Mosley did not oppose GRC's request to dismiss the ATDA claim. (*See* ECF No. 12 at n. 1.)


Circuits in holding that the definition of ATDS (defined in the statute as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator . . . and to dial such numbers") excludes systems that merely store numbers to be dialed from a list. 47 U.S.C. § 227(a)(1); GRC's Supporting Memo. at 7 (ECF No. 11). Companies engaged in debt collection (which Mosely alleges GRC to be) call specific individuals, at specific numbers, about specific debts – not random individuals reached through generating random or sequential numbers. Without a stay of discovery, GRC anticipates Mosley will seek class-wide discovery on calls made through the telephony system(s) used to call her 9013 number and about the capabilities of such telephony system(s). This would pose a significant burden for GRC. Moreover, Mosley would seek discovery concerning the capacity of the telephony system(s) used to call Mosley's 9013 number. Both these categories of discovery will be irrelevant if GRC's Motion to Dismiss is granted, and four out of six alleged classes would be eliminated (the ATDA classes and two of the TCPA classes).[2]

In her Complaint, Mosley also seeks relief under the TCPA based on alleged violations of the separate prohibition against calls using a prerecorded or automated voice message without consent. (*See* ECF No. 1 at 7; *id*. ¶¶ 38(b), 48.) GRC denies that it violated that prohibition, but it did not seek dismissal of Mosley's TCPA claim on that basis. Discovery over this provision is much less intensive because calls allegedly made to Mosley either used an "artificial or prerecorded voice," or they did not. *See* 47 U.S.C. § 227(b)(1). No discovery is needed to determine the capacities of GRC's systems for an artificial or prerecorded voice claim, but only whether such calls were made using an "artificial or prerecorded voice" to the 9013 number.

---

[2] Mosley alleges six classes in total: two classes are alleged with respect to the ATDA claim, two classes with respect to the TCPA claim relating to an ATDS, and two classes with respect to the TCPA claim relating to use of an artificial or prerecorded voice. (ECF No. 1 at 6-7.)

Allowing Mosley to conduct class-wide discovery on this claim while GRC's Motion to Dismiss is pending would likely result in piecemeal and duplicative discovery efforts in the event that GRC's Motion is denied. The Court also may be burdened with unnecessary and irrelevant discovery disputes over issues that may be fully resolved by the outcome of GRC's Motion to Dismiss.

Moreover, if GRC's Motion to Dismiss is granted, the only remaining class claim is based on alleged prerecorded or automated voice calls to the 9013 Number. If it is confirmed that GRC never called the 9013 number using a prerecorded or automated voice, there may be no need for class discovery in this case because Mosley cannot represent a class of which she is not a member.

Accordingly, it would be more efficient and less costly for all parties and the Court to stay discovery pending the outcome of GRC's Motion, so that threshold issues in the case can first be resolved, and discovery can be narrowed.

## CONCLUSION

For the reasons stated herein, GRC respectfully requests that this Court stay discovery pending the outcome of GRC's Motion to Dismiss.

Dated: April 21, 2020

Respectfully submitted,

**REED SMITH LLP**
*Attorneys for Defendant General Revenue Corporation*

 /s/ *Christopher R. Murphy*
Christopher R. Murphy
10 South Wacker Drive, 40th Floor
Chicago, Illinois  60606
Phone: (312) 207-6548
CRMurphy@reedsmith.com

Travis A. Sabalewski

- 8 -

        901 East Byrd St.
        Riverfront Plaza West Tower, Suite 1900
        Richmond, Virginia 23219
        Phone: (804) 344-3442
        tsabalewski@reedsmith.com

- 9 -

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 21, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                  /s/ Christopher R. Murphy
                    Christopher R. Murphy
                    10 South Wacker Drive, 40th Floor
                    Chicago, Illinois 60606
                    Phone: (312) 207-6548
                    CRMurphy@reedsmith.com