UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BONNIE MOSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-01012-JES-JEH |
| | ) |
| GENERAL REVENUE CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant General Revenue Corporation's ("GRC") Motion to Dismiss in Part (Doc. 10) pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Bonnie Mosley filed a Response in Opposition to the Motion to Dismiss (Doc. 12). For the following reasons GRC's Motion to Dismiss in Part is GRANTED.

### BACKGROUND

For the purposes of resolving this Motion, the Court takes the following factual allegations from Plaintiff's Complaint as true. The Plaintiff filed this case on January 8th, 2020 under the Telephone Consumer Protection Act ("TCPA") and the Illinois Automatic Telephone Dialers Act ("ATDA"). Doc. 1, at 1. The Plaintiff alleges that GRC contacted her cell phone multiple times with prerecorded messages and "with an automated or predictive dialing system." *Id.* at 5. Plaintiff claims GRC is a debt collection company. *Id.* at 2. Plaintiff asserts, "[w]hen Plaintiff did not answer the calls, GRC left a voice message. Sometimes the message consisted of 'dead air,' which is indicia that the calls were being placed with an automated or predictive dialing system." *Id.* at 5. Plaintiff alleges that GRC threatened legal action over alleged debts through these pre-recorded calls, though Plaintiff has no knowledge of prior debt to GRC. *Id.* at

1

4. Plaintiff also asserts that she never gave consent for the calls and expressly instructed GRC to stop contacting her. *Id.* at 1, 5.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges whether a complaint sufficiently states a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court accepts well-pleaded allegations in a complaint as true and draws all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff does not oppose GRC's request to dismiss the claims asserted under Illinois' Automatic Telephone Dialers Act. Doc. 12, at 1. Therefore, the only issue remaining is GRC's Motion to Dismiss Plaintiff's claim under the Telephone Consumer Protection Act ("TCPA") to the extent it is based on an alleged violation of the prohibition against calls to cellular telephones using an automatic telephone dialing system ("ATDS") without consent.[1]

GRC claims Plaintiff failed to properly allege GRC used an ATDS. Doc. 11, at 15. GRC

---

[1] Mosley also seeks relief under the TCPA based on an alleged violation of the separate prohibition against calls using a prerecorded or automated voice message without consent. GRC denies that it violated this prohibition, but it does not seek dismissal of Mosley's claim on that basis in the instant Motion. *See* Doc. 11, at 1 n.1.

points to a recent opinion from the Seventh Circuit Court of Appeals that examined the statutory definition of ATDS and clarified how courts should apply this definition. *See Gadelhak v. AT&T Services, Inc.*, 950 F.3d 458 (7th Cir. 2020). GRC contends Plaintiff did not plausibly allege GRC used a system which "has the capacity to randomly or sequentially generate telephone numbers." Doc. 11, at 13. GRC argues that because Plaintiff alleges it is a debt collection company, it is not plausible that the company would use a random number system because "companies engaged in debt collection call specific individuals, at specific numbers, about specific debts, not random individuals at random numbers." *Id.*

Plaintiff claims she met her burden concerning the ATDS. Doc. 12, at 1-2. She claims that "she expressly and repeatedly alleges that GRC made the calls to her and the other [putative] class members using an ATDS." *Id.* at 4. Plaintiff asserts that the type of technical knowledge GRC alleges is necessary requires fact finding later in the case. *Id.* at 8. She goes on to clarify it is not just the method used to contact her, but rather the capabilities of the machine as a whole that determines if the machine is an ATDS or not. *Id.* at 6.

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1)(A)-(B). Recently, the Seventh Circuit clarified how this statute ought to be interpreted: "[T]he phrase 'using a random or sequential number generator' modifies both 'store' and 'produce,' defining the means by which either task must be completed for equipment to qualify as an 'automatic telephone dialing system.'" *Gadelhak*, 950 F.3d at 464. The court in *Gadelhak* concluded, "the capacity to generate random or sequential numbers is necessary to the statutory definition." *Id.* at 469. While *Gadelhak* provided useful guidance on how to interpret the TCPA provisions on ATDS, it was an appeal from the district court's grant of

3

summary judgment. The parties do not present any cases from the Seventh Circuit Court of Appeals that address the pleading requirements for this TCPA violation, and this Court could not find any on its own research.

Without any authoritative case law on the pleading standard for a violation of the prohibition against ATDS, the Court turns to district courts within this Circuit that have addressed the issue. It is important to note these cases were decided before the *Gadelhak* decision was rendered. Some district courts have suggested a plaintiff need only allege the use of an ATDS as defined in the statute, without alleging any supporting facts. *See Torres v. Nat'l Enter. Sys.*, No. 12 C 2267, 2012 U.S. Dist. LEXIS 110514, 2012 WL 3245520, at *3 (N.D. Ill. Aug 7, 2012) ("[I]t would be virtually impossible, absent discovery, for any plaintiff to gather sufficient evidence regarding the type of machine used."); *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1010-11 (N.D. Ill. 2010) (finding allegations that defendants "used 'equipment with the capacity to store or produce telephone numbers to be called, using a random or sequential number generator'" sufficient to survive a motion to dismiss). Other courts have found it is too conclusory to plead the mere statutory definition of an ATDS without further descriptive details. *See Serban v. CarGurus, Inc.*, No. 16 C 2531, 2016 WL 4709077, at *3-4 (N.D. Ill. Sep. 8, 2016); *Hanley v. Green Tree Servicing, LLC*, 934 F. Supp. 2d 977, 983 (N.D. Ill. 2013). To withstand a motion to dismiss, those courts expected a plaintiff to present additional facts supporting a reasonable inference that the defendant used an ATDS, such as a description of the communication's generic, promotional content, or hearing a pause before being connected to an operator. *See Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 904 (N.D. Ill. 2016); *Oliver v. DirecTV, LLC*, No. 14 C 7794, 2015 U.S. Dist. LEXIS 47964, 2015 WL 1727251, at *3 (N.D. Ill. Apr. 13, 2015).

Plaintiff cites *Husain v. Bank of Am., N.A.*, which was decided by the district court one day before the Seventh Circuit issued its *Gadelhak* opinion and also examines the statutory definition of an ATDS. No. 18 cv 7646, 2020 WL 777293 (N.D. Ill. Feb. 18, 2020). In *Husain*, the court stated,

> [T]he difference between a predictive dialer and an ATDS is not readily apparent to a recipient of an automated call. Such a determination requires information about the technical details of the device that the Defendants used to make the calls—information that the Plaintiffs lack prior to discovery. Accordingly, Plaintiffs need not provide specific, technical detail about the device at issue at the pleading stage.

*Id.* at *7. The court found that hearing a pause at the beginning of a call was enough to indicate the defendant used an ATDS. *Id.* This Court agrees that generally no plaintiff ought to be held to a standard that requires the plaintiff to plead technical information to which they could not have pre-discovery. However, a pause alone may not always be sufficient to plausibly claim the defendant was using an ATDS, especially if the business of the defendant is such that it would not need a machine with random or sequential number generation capacities. The defendant in *Husain* was a bank, whereas the Defendant in the instant case is allegedly a debt collection company. Banks may intend to contact individuals with whom there is already a preexisting relationship, such as a mortgagor, but banks may also intend to solicit clients through random number generation. Thus, it is plausible that the bank's telephone system might have the capacity to use randomly or sequentially generated phone numbers.

This Court has ruled on pleading requirements for TCPA claims in the past. In *Aguilar v. State Farm Mut. Auto. Ins. Co.*, a pre-*Gadelhak* decision, this Court found the plaintiff had established a plausible claim that the defendant used an ATDS and the defendant sought "to address evidentiary issues that are premature" with its motion to dismiss. No. 1:16-cv-01211-JES-JEH, 2017 WL 956327, at *5 (C.D. Ill. Mar. 10, 2017). The Court relied on a ruling by the

Federal Communications Commission ("FCC"), which has since been overturned, that defined an ATDS as a device that can dial numbers without human intervention "regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." *Id.* (*quoting 2012 FCC Ruling*, 27 F.C.C. Rcd. at 15391, n.5). Before *Gadelhak*, the definition of an ATDS was broader to include situations where the device dialed numbers from a list, not necessarily a randomly or sequentially generated list. Since *Gadelhak*, the definition of an ATDS has narrowed. Here, Plaintiff must plausibly allege GRC's machine had the capacity to store or generate random or sequential phone numbers.

Plaintiff claims she does not need to plausibly allege that GRC used a random or sequential number generator in her case, but rather that GRC's machine had the capacity to do so. Doc. 12, at 6. The Court rejects the inference that a claim is plausible because a plaintiff merely alleges the dialer system has the capacity to randomly or sequentially generate numbers, without any factual basis for such allegations. If the Court were to adopt a standard that a plaintiff need only allege that the defendant's dialing system is capable of randomly or sequentially generating numbers, without any basis to support the plausibility of the claim, it would make huge swaths of otherwise innocuous phone calls at risk of litigation. Any machine which calls others *may* have the capacity to dial a randomly or sequentially generated number, especially with the growing sophistication of smartphones, which are undoubtably smarter now than the best ATDS system when the statute in question was passed.

Plaintiff also states, "[m]ost courts in the Seventh Circuit correctly hold 'plaintiffs need only allege the use of an ATDS as defined in the statute, without supporting facts.'" *Id.* at 3 (citation omitted). As such, Plaintiff contends her TCPA claim is properly pleaded because she alleged GRC used an ATDS multiple times throughout the Complaint. *Id.* This reasoning seems

contrary to the rationale behind *Twombly* and mischaracterizes the breadth of the debate in the district courts. As discussed above, there is far from consensus on this issue among district courts in the Seventh Circuit. *See supra*, at 4. *Twombly* sought to limit claimants to the plausible, not just the possible. 550 U.S. at 570. This includes avoiding speculation as the basis of the claim. *Id.* at 555. While the Plaintiff need not have advanced technical knowledge of the devices GRC used, there still must be some basis in the pleading which raises the ATDS claim from speculative to plausible. To claim that GRC *might* have been used a device that *might* have the capacity to randomly or sequentially generate numbers is clearly speculation.

      Plaintiff alleges GRC is a debt collection company. Doc. 1, at 2. GRC argues "[i]t is not plausible to conclude that a company seeking to collect debts (as Mosley alleges GRC to be) would use a system that randomly and sequentially generates phone numbers." Doc. 11, at 13. This Court agrees. While Plaintiff contends she never had any business nor contractual relationship with GRC, it is not uncommon for companies to be in the business of purchasing debts from or collecting debts on behalf of others. The fact that she did not acknowledge any prior relationship does not make it more plausible that GRC would use a machine with the capacity to randomly or sequentially store or generate phone numbers. Plaintiff offers no plausible explanation why a debt collection company would need or use a machine which had the capacity to dial or store randomly or sequentially generated numbers. It is far more likely that a telemarketing company, bank, or other seller of goods would desire to have machines with the capacity to dial randomly or sequentially generated numbers. With no other reason, such as the nature of the company, to lean on for a plausibility argument, the fact that the device used *might* have had the capability to use randomly generated number systems fails to be more than a speculative possibility. For these reasons, the Court will dismiss Plaintiff's TCPA claim to the

extent it is based on an alleged violation of the prohibition against calls using an ATDS.

## CONCLUSION

For the reasons set forth above, General Revenue Corporation's Motion to Dismiss in Part (Doc. 10) is GRANTED.

Signed on this 20th day of July, 2020.

s/James E. Shadid_____  
James E. Shadid  
United States District Judge